IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | |
|---|---|
| **BENJANELL BUTLER**, | Case No. 3:12 CV 2674 |
| Petitioner, | Judge Jeffrey J. Helmick |
| v. | REPORT AND RECOMMENDATION |
| **ED SHELDON, Warden**, | |
| Respondent. | Magistrate Judge James R. Knepp II |

### INTRODUCTION

This action is initiated by *pro se* Petitioner Benjanell Butler, a prisoner in state custody, seeking a writ of habeas corpus under 28 U.S.C. § 2254 ("Petition"). (Doc. 1). Respondent Warden Ed Sheldon filed a Motion to Dismiss. (Doc. 6). Petitioner did not oppose the motion. This matter has been referred to the undersigned for a Report and Recommendation pursuant to Local Rule 72.2(b)(2). (non-document entry dated January 10, 2013). For the reasons discussed below, the undersigned recommends the Petition be dismissed.

### FACTUAL BACKGROUND

For purposes of habeas corpus review of state court decisions, "the state court's factual findings are presumed correct unless rebutted by the habeas petitioner by clear and convincing evidence." *Moore v. Mitchell*, 708 F.3d 760, 775 (6th Cir. 2013); 28 U.S.C. § 2254(e)(1). "This presumption of correctness applies even to factual findings made by a state court of appeals based on the state trial record." *Mitzel v. Tate*, 267 F.3d 524, 530 (6th Cir. 2001). The Sixth District Court of Appeals set forth the following facts:

> On April 26, 2008, a 28-year-old woman was found on the sidewalk in the Collingwood Boulevard area of central Toledo exhibiting physical injuries and in an emotionally distraught state, seeking emergency help. Emergency medical personnel transported the woman to St. Vincent Mercy Medical Center where she underwent treatment for various physical injuries.
>
> Consistently throughout the course of her emergency medical treatment, the victim disclosed to treating personnel that she had been held against her will and repeatedly anally raped for several days by her boyfriend, the appellant. The two have been involved in a tumultuous off and on relationship. The victim revealed to treating personnel that she was ultimately able to escape the apartment where she was being held to seek help after appellant fell asleep.
>
> Based upon the Toledo Police Department investigation of these events, appellant was indicted on two counts of kidnapping, in violation of *R.C. 2905.01*, felonies of the first degree, and two counts of rape, in violation of *R.C. 2907.02*, likewise felonies of the first degree.
>
> On September 24, 2008, the case proceeded to jury trial. The state of Ohio presented detailed testimony from the responding Toledo police officer, the emergency paramedic, the emergency SANE nurse, and the Toledo police detective responsible for investigating the incident. At trial, the victim wholly recanted her statements made at the time of the events and furnished testimony wholly inconsistent with the clear and concise statements that she had initially conveyed to the treating medical personnel and police officers.

(Doc. 6-1, at 57-58).

## STATE COURT CONVICTION

On May 12, 2008, a Lucas County Grand Jury issued an indictment charging Petitioner with two counts of kidnapping under Ohio Revised Code Sections 2905.01(B)(2), (C) and 2905.01(A)(4), (C) and two counts of rape under §§ 2907.02(A)(2) and (B). (Doc. 6-1, at 3-5). Through counsel, Petitioner entered a not guilty plea to all charges and the case proceeded to a jury trial. (Doc. 6-1, at 37). On September 24, 2008, Petitioner was found guilty of one count of kidnapping, one count of the lesser included offense of abduction, and one count of rape. (Doc. 6-1, at 7-9, 58). On October 20, 2008, the trial court sentenced Petitioner to serve an aggregate of

eighteen years in prison. (Doc. 6-1, at 8). In addition, Petitioner was classified as a Tier III Child Victim Offender and required to register as a sex offender. (Doc. 6-1, at 7).

### DIRECT APPEAL

Represented by new counsel, Petitioner filed a timely notice of appeal to the Sixth District Court of Appeals. (Doc. 6-1, at 14). On appeal, Petitioner raised two assignments of error:

1. The Appellant's conviction was against the manifest weight of the evidence.

2. The trial court erred when it failed to grant Appellant's motion for acquittal pursuant to Criminal Rule 29.

(Doc. 6-1, at 21). The state filed a response. (Doc. 6-1, at 33).

On November 9, 2009, the Court of Appeals determined Petitioner's judgment entry of conviction failed to specify the means by which he was convicted; therefore, it was not a final appealable order. (Doc. 6-1, at 51-53). The following day, the trial court issued a *nunc pro tunc* judgment entry, indicating Petitioner was found guilty by a jury. (Doc. 6-1, at 11-12). On November 16, 2009, the Court of Appeals reinstated the case to its docket and on January 22, 2010, issued a decision that affirmed the judgment of the trial court. (Doc. 6-1, at 55, 56-61).

### DELAYED APPEAL TO THE OHIO SUPREME COURT

On April 12, 2012, proceeding *pro se*, Petitioner filed a notice of appeal and motion for leave to file a delayed appeal with the Ohio Supreme Court. (Doc. 6-1, at 62, 64). On May 23, 2012, the Ohio Supreme Court summarily denied leave to appeal and dismissed the case. (Doc. 61, at 77).

**PETITION FOR HABEAS CORPUS**

On October 25, 2012, Petitioner filed a Petition under 28 U.S.C. § 2254 for Writ of Habeas Corpus (Doc. 1), asserting a single ground for relief:

> **Ground One**: Petitioner received ineffective assistance of appellate counsel which is cause excusing Petitioner's procedural default.
>
> **Supporting facts**: Petitioner's Appellate Counsel did not timely provide Petitioner with the journalized decision of the Appellate Court's Jan. 22, 2010 affirming the decision of the Trial Court. As a result, Petitioner had absolutely no idea his direct appeal had been denied until well over a year had passed. Appellate Counsel did not notify Petitioner of the decision in a timely manner. As a result, Petitioner was unable to timely appeal to the Ohio Supreme Court.

(Doc. 1, at 5).

**JURISDICTIONAL ISSUES**

In determining whether to issue a habeas writ, the standards set forth in the Antiterrorism and Effective Death Penalty Act (AEDPA) govern the district court's review of a state court decision. *French v. Jones*, 332 F.3d 430, 435-36 (6th Cir. 2003), *cert. denied*, 540 U.S. 1018 (2003); 28 U.S.C. § 2254. Before a reviewing court may decide a habeas writ on the merits, a petitioner must overcome the one-year statute of limitations promulgated by AEDPA. *Allen v. Yukins*, 366 F.3d 396, 399 (6th Cir. 2004), *cert. denied*, 543 U.S. 865 (2004).

Petitioner does not dispute that he failed to file for *habeas* relief prior to the expiration of the statute of limitations. However, he claims his failure is excused because his appellate counsel did not timely inform him of the court of appeals' decision. (Doc. 1, at 5, 13). Without addressing whether Petitioner's untimely Petition is subject to equitable tolling, the undersigned finds his claim procedurally defaulted because it was not properly presented in state court.

*Procedural Default*

The Sixth Circuit applies a four-part test to determine whether a petitioner's ground for relief is procedurally defaulted:

> First, the federal court must determine whether there is a state procedural rule that is applicable to the petitioner's claim and whether the petitioner failed to comply with that rule. Second, the federal court must determine whether the state courts actually enforced the state procedural sanction – that is, whether the state courts actually based their decisions on the procedural rule. Third, the federal court must consider whether the procedural rule is an adequate and independent state ground on which the state can rely to foreclose federal review of a federal constitutional claim. . . . Fourth, if the federal court answers the first three questions in the affirmative, it would not review the petitioner's procedurally defaulted claim unless the petitioner can show cause for not following the procedural rule and that failure to review the claim would result in prejudice or a miscarriage of justice.

*Williams v. Coyle*, 260 F.3d 684, 693 (6th Cir. 2001) (citing *Maupin v. Smith*, 785 F.2d 135, 138 (6th Cir. 1986) (internal citations omitted).

Here, the applicable state procedural rule is the requirement to timely appeal to the Ohio Supreme Court. In this case, the Sixth District Court of Appeals issued its decision on January 22, 2010. (Doc. 6-1, at 56-61). Under Ohio Supreme Court's Rules of Practice, Petitioner had 45 days from that date to appeal the appellate court's decision, or until March 8, 2010. Ohio S. Ct. Prac. R. 6.01(A)(1). However, Petitioner did not file a notice of appeal or motion to file a delayed appeal in the Ohio Supreme Court until April 12, 2012. (Doc. 6-1, at 62, 64).

Turning to the second prong of *Maupin*, the Ohio Supreme Court is presumed to have relied on Petitioner's procedural default. Indeed, without explanation, the court denied Petitioner's motion to file a delayed appeal. (Doc. 77). The Court takes the Ohio Supreme Court's silence to mean it was actually enforcing the procedural bar. *Simpson v. Sparkman*, 94 F.3d 199, 203 (6th Cir. 1996) ("we will assume that had the state court addressed petitioner's . . . claim, it would not have ignored its own procedural rules and would have enforced the procedural bar.").

Under the third prong of the *Maupin* analysis, the Sixth Circuit has held the Ohio Supreme Court's unexplained entry denying a motion for delayed appeal constitutes an independent state procedural rule sufficient to bar federal habeas corpus. *Bonilla v. Hurley*, 370 F.3d 494, 497 (6th Cir. 2004). The court explained:

> The Ohio Supreme Court Rules require a motion for a delayed appeal to state "the date of entry of the judgment being appealed and adequate reasons for the delay." Ohio Sup. Ct. R. II, Section 2(A)(4)(a). In addition, the motion must be accompanied by a supporting affidavit and a "copy of the decision being appealed." *Id.* A motion for a delayed appeal is not required to contain the actual claims and supporting arguments sought to be presented on appeal. *Id.* Instead, only when "the Supreme Court grants a motion for delayed appeal," is the appellant required to "file a memorandum in support of jurisdiction." Ohio Sup.Ct. R. II, Section 2(A)(4)(c). Thus, the applicable Ohio court rules indicate that the denial of a motion for a delayed appeal is a procedural ruling, not a ruling on the merits.

*Id.*; *Stone v. Moore*, 644 F.3d 342, 348 (6th Cir. 2011) ("a state procedural rule [can] serve as an adequate state ground for preventing review of a habeas petitioner even if the state procedural rule accords courts broad discretion").

Accordingly, Petitioner's asserted ground for relief is barred by procedural default unless he can show cause and prejudice for the default or a fundamental miscarriage of justice. *Coleman v. Thompson*, 501 U.S. 722, 750 (1991).

### *Overcoming Procedural Default on the Ground of Ineffective Assistance of Counsel*

"Constitutionally ineffective assistance of counsel can serve as cause to overcome procedural default." *Smith v. State of Ohio Dept. of Rehab. and Corrections*, 463 F.3d 426, 432 (6th Cir. 2006). In order to prove constitutionally ineffective assistance of counsel, a petitioner must show "both that his counsel's performance was deficient, and that his counsel's deficient performance was prejudicial." *Smith*, 463 F.3d at 432 (6th Cir. 2006); *see also Strickland v. Washington*, 466 U.S. 668, 687 (1984). An ineffective assistance of counsel claim can only arise

at a stage in the proceedings where there is a Sixth Amendment right to counsel. *Smith*, 463 F.3d at 433; *Lopez v. Wilson*, 426 F.3d 339, 352 (6th Cir. 2005) (en banc). Even though there is not a constitutional right to counsel beyond the first appeal of right, *Pennsylvania v. Finley*, 481 U.S. 551, 555 (1987), part of a lawyer's representation during direct appeal is to advise the petitioner about the outcome of the appeal. *Smith*, 463 F.3d at 433; *but see, Barkley v. Konteh*, 240 F. Supp. 2d 708, 709, 713-14 (N.D. Ohio 2002) (despite petitioner's claims his appellate attorney failed to notify him of the Ohio Court of Appeals' decision, he could not show cause for procedural default because he did not have a right to counsel on appeal to the supreme court and did comply with state procedural rules).

Recognizing at least one district court case may place Petitioner's claim outside the confines of a constitutional right to counsel, this Court is bound by Sixth Circuit precedent which directly speaks to the issue. Therefore, the undersigned finds Petitioner had a constitutional right to counsel encompassing the duty to be informed of the outcome of his appeal.

The Sixth Circuit has found an attorney's failure to inform a petitioner of the outcome of his case can amount to "constitutionally deficient performance" and cause for procedural default. *Smith*, 463 F.3d, at 433 n.4, 434. But, *Smith* also recognized that "[a] claim of ineffective assistance of counsel must be presented to the state courts as an independent claim before it may be used to establish cause for procedural default." *Bleigh v. Brunsman*, 2012 U.S. Dist. LEXIS 25919, at *33 (S.D. Ohio 2012) (quoting *Smith*, 463 F.3d at 436, n.7); *Barkley*, 240 F. Supp. 2d at 715 ("Because [petitioner] failed to present this claim [of ineffective assistance of appellate counsel] as an independent claim to the state courts, it cannot constitute cause for [petitioner's] procedural default of his habeas claim.").

Here, Petitioner cannot show cause for his procedural default because he has not presented his claim for ineffective assistance of appellate counsel to the state courts. Because Petitioner has not shown cause, the Court does not reach the issue of prejudice. *See*, *Barkley*, 240 F. Supp. 2d, at 714 ("When a petitioner fails to show cause 'for not asserting his ineffective assistance of appellate counsel claim properly in the Ohio courts, a federal court may not reach the merits of the *habeas* claim.'") (quoting *Coleman*, 244 F.3d at 540).

Thus, Petitioner's claim is procedurally defaulted because he: 1) failed to comply with a state procedural rule for filing a timely appeal to the Ohio Supreme Court; and 2) failed to file an application to reopen his appeal under Ohio R. App. P. 26 (B), "which would have been the proper method of bringing an ineffective assistance of appellate counsel claim." *Beigh*, 2012 U.S. Dist. LEXIS 25919, at *33-34; *State v. Murnahan*, 584 N.E.2d 1204 (Ohio 1992).

*Miscarriage of Justice*

Finally, Petitioner's procedural default cannot be excused under the "fundamental miscarriage of justice" exception. *Souter v. Jones*, 395 F.3d 577, 588-89 (6th Cir. 2005); *Schlup v. Delo*, 513 U.S. 298 (1995). To meet this standard, Petitioner would need to present new evidence of innocence that is so strong a reviewing court cannot have confidence in the outcome of the trial. *Schlup*, 513 U.S. at 327. New evidence may be "exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence – that was not presented at trial." *Id*. at 324.

Here, Petitioner has not claimed innocence or presented any evidence to show that he was "actually innocent". *Id*.; *Lundgren v. Mitchell*, 440 F.3d 754, 765 (6th Cir. 2006). Therefore, his procedural default is not excused under the fundamental miscarriage of justice exception.

**CONCLUSION AND RECOMMENDATION**

Following review of Respondent's Motion to Dismiss (Doc. 6), and giving Petitioner every benefit of liberal construction, the Court finds the Petition procedurally defaulted. The undersigned therefore recommends the motion to dismiss be granted and the case dismissed.

 s/James R. Knepp, II
United States Magistrate Judge

ANY OBJECTIONS to this Report and Recommendation must be filed with the Clerk of Court within fourteen days of service of this notice. Failure to file objections within the specified time WAIVES the right to appeal the Magistrate Judge's recommendation. *See Thomas v. Arn*, 474 U.S. 140 (1985); *U.S. v. Walters*, 638 F.2d 947 (6th Cir. 1981).