UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

Benjanell Butler, Jr.,                                                  Case No.  3:12-cv-02674

            Plaintiff

    v.                                                                                  MEMORANDUM OPINION
                                                                          AND ORDER

Ed Sheldon,

            Defendant

       Before me is the Report and Recommendation of Magistrate Judge James R. Knepp, filed on January 14, 2014, recommending dismissal of Petitioner Benjanell Butler, Jr.'s action seeking a writ of habeas corpus pursuant to 28 U.S.C. § 2254.  Federal law requires parties to serve and file written objections to a magistrate judge's proposed findings and recommendations within 14 days of service of a copy of the report and recommendation.  28 U.S.C. § 636(b)(1); *United States v. Campbell,* 261 F.3d 628 (6th Cir. 2001).  In this case, the fourteen day period has elapsed and no objections have been filed.  The failure to file written objections to the Magistrate Judge's report and recommendation constitutes a waiver of a determination by the district court of an issue covered in the report.  *Thomas v. Arn,* 728 F.2d 813 (6th Cir. 1984), *aff'd,* 474 U.S. 140 (1985); *see also United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).  Following review of the Magistrate Judge's proposed findings and recommendations, I adopt the Report and Recommendation.

       Magistrate Judge Knepp accurately presents the factual and procedural background of this case, and I adopt those portions of the Report and Recommendation in full.  As an initial matter, it is not clear whether the relief Butler seeks is cognizable under federal habeas law.  Butler asserts his

appointed appellate counsel was ineffective because she allegedly failed to provide him with timely notice of the court of appeal's denial of his appeal of right. This forced Butler to file a notice of delayed appeal with the Supreme Court of Ohio, which the court ultimately denied without explanation. Butler claims appellate counsel's ineffective assistance constitutes cause to excuse his untimely filing and also constitutes prejudice. (Doc. No. 1 at 13). Rather than asking this court to hear the allegations of error he raised on appeal, however, Butler asks for an order requiring the Supreme Court of Ohio to exercise its discretion to grant jurisdiction and hear his direct appeal of his conviction. (Id. at 14). On the surface, Butler's requested relief appears to fall outside the scope of this court's authority.

      Even if I were to construe Butler's petition as raising an appropriate request for relief, I agree with Magistrate Judge Knepp that Butler has failed to establish cause and prejudice to excuse the procedural default of his claims in state court. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (pro se filings are "to be liberally construed" (*quoting Estelle v. Gamble*, 429 U.S. 97, 106 (1976)). Butler's Petition for Writ of Habeas Corpus, under 28 U.S.C. § 2254, is dismissed.

      So Ordered.

s/ Jeffrey J. Helmick  
United States District Judge
